

FILED

MAY  11  2022

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE,<br><br>          *Plaintiff*,<br><br>v.<br><br>WASHINGTON NATIONALS BASEBALL<br>CLUB, LLC, *et al.,*<br><br>          *Defendants.* | Case: 1:22−cv−01299 JURY DEMAND<br>Assigned To : Kelly, Timothy J.<br>Assign. Date : 5/11/2022<br>Description: Pro Se Gen. Civ. (F−DECK)<br><br>Civil Action No. ____<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Plaintiff has moved to proceed under pseudonym, Pl.'s Mot. to Proceed Under

Pseudonym ("Pl.'s Mot."), in the instant *pro se* action alleging discrimination against him by the

Washington Nationals Baseball Club, LLC, and Washington Nationals Stadium, LLC, in

violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*,

and the District of Columbia Humans Rights Act ("DCHRA"), D.C. Code § 2-1401.01, *et seq.*,

Compl. ¶ 1.  Plaintiff also seeks to file his residence address under seal, pursuant to D.D.C.

LCvR 5.1(c)(1).  For the reasons set forth below, plaintiff's motion to proceed under pseudonym

is denied, since his expressed concern about publicly revealing sensitive medical information

may be addressed on a more limited basis by filing such information under seal, and the motion

to file plaintiff's address under seal is granted, subject to any further consideration by the United

States District Judge to whom this case is randomly assigned.[1]

---

[1]      The instant motion has been directly referred to the undersigned Chief Judge for resolution.  *See* D.D.C.
LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion
to seal the complaint and motion to file a pseudonymous complaint"); *see also* D.D.C. LCvR 5.1(h)(1) ("Absent
statutory authority, no case or document may be sealed without an order from the Court.").

## I.      BACKGROUND

Plaintiff, "a longtime [] fan" of the Washington Nationals baseball team, "purchased a ticket to attend the Washington Nationals game at Nationals Park on May 5, 2021."  Compl. ¶¶ 10–11.  At that time, "Nationals Park was mandating masks for all fans in attendance" in accordance with local D.C. public health orders regarding the COVID-19 pandemic.  *Id.* ¶ 13. Plaintiff has "a disability within the meaning of the ADA and the DCHRA" that causes him to be "unable to wear a face mask."  *Id.* ¶ 14.  After arriving at the stadium and "enjoy[ing] a few innings of the game without issue," *id.* ¶ 16, plaintiff was approached by an usher who "demanded" that he put on a mask, *id.* ¶ 17.  After plaintiff "calmly replied that he had a medical condition and could not wear a mask[,] . . . [t]he usher walked away," *id.*, but returned "[a] few minutes later . . . with a uniformed security guard who demanded Plaintiff put on a mask," *id.* ¶ 18.  After a similar exchange with the security guard, who allegedly asked plaintiff "What kind of medical condition would prevent you from wearing a mask?" to which plaintiff responded that "he did not want to disclose the nature of his condition," *id.*, plaintiff was soon thereafter "approached in his seat by a D.C. [M]etropolitan [P]olice officer," who escorted plaintiff away from his seat to the concourse, where "seven or eight ushers, security guards, and other Nationals employees were waiting for him," *id.* ¶ 19.  When plaintiff was unable to produce "documentation of his medical condition," for which "he had never been asked" and which he "did not have [] on him," *id.*, plaintiff was eventually escorted out of the stadium by two Nationals employees and a police officer, *id.* ¶ 21.

In the instant suit, plaintiff seeks an order declaring defendants' "acts and omissions" to be unlawful and in violation of the ADA and DCHRA, "preliminary and permanent injunction[s] requiring Defendants to modify their policies, practices, and procedures, including those with

regard to face masks, to comply with the ADA and DCHRA," compensatory and punitive damages, and costs and attorneys' fees. *Id.* ¶ 49. Plaintiff moves to proceed pseudonymously because "the proceedings may result in disclosure of sensitive personal and medical information," Pl.'s Mot. ¶ 4, and because "he may be subjected to unwarranted scrutiny and harassment from the general public" if his identity is made known, "given the unusually heated nature of debates around mask mandates and COVID-19 policies generally in the United States," *id.* ¶ 5.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).

Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously.  A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326.  Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or

private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.   DISCUSSION

At this early stage of the litigation, plaintiff has not persuasively met the burden of showing that his privacy interests outweigh the public's presumptive interest in knowing important details of this litigation, including the identity of the person initiating the suit. Indeed, while plaintiff has articulated a privacy interest in his sensitive medical information, that does not rebut the presumption in favor of open proceedings since such information may be protected from public access with the simple step of seeking a judicial order placing such information under seal.

The first *James* factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs against plaintiff. Plaintiff seeks to proceed under pseudonym out of concern "that

the proceedings may result in disclosure of sensitive personal and medical information," Pl.'s

Mot. ¶ 4, and because he wishes to avoid any "stigmatization," *id.* ¶ 7.  These arguments are not

persuasive.  As already noted, to the extent any sensitive medical information becomes relevant,

plaintiff may seek to file such confidential information under seal.  Otherwise, the possibility that

"sensitive personal and medical information" will be disclosed in the course of the litigation, *id.*

¶ 4, does not weigh in favor of permitting plaintiff to proceed pseudonymously.

   The second *James* factor, "whether identification poses a risk of retaliatory physical or

mental harm," *In re Sealed Case*, 931 F.3d at 97, further weighs against plaintiff because the

asserted risk of retaliatory harm is both conjectural and minimal.  Plaintiff asserts that "he may

be subjected to unwarranted scrutiny and harassment from the general public" if his identity is

known, including through "'doxxing,' whereby individuals on the internet . . . find the identities

of persons involved in cases of great public interest and publish them so they can be harassed."

Pl.'s Mot. at ¶ 5. The possibility of harassment, including on the internet, due to plaintiff's public

association with the lawsuit amounts to the quintessential "annoyance and criticism that may

attend any litigation," *In re Sealed Case*, 931 F.3d at 97, and is in no way sufficient "to grant the

rare dispensation of anonymity," *Microsoft Corp.*, 56 F.3d at 1464.  *See Qualls v. Rumsfeld*, 228

F.R.D. 8, 12 (D.D.C. 2005) ("bringing litigation can subject a plaintiff to scrutiny and criticism

and can affect the way plaintiff is viewed by coworkers and friends, but fears of embarrassment

or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to

proceed under a pseudonym"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("The threat of

hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public

anonymity.").  Furthermore, the concerns plaintiff raises of online exposure through "doxxing"

are entirely speculative, and, without more, do not rise to the degree of serious mental harm or

physical danger necessary to override the strong public interest in transparent legal proceedings. The second *James* factor thus weighs against granting plaintiff's motion.

The third *James* factor also weighs against granting plaintiff's motion, as he does not allege that the privacy interests of any minors are implicated, *see In re Sealed Case*, 931 F.3d at 97.

The fourth and fifth *James* factors weigh slightly in plaintiff's favor. The law is well-settled that "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, but both defendants here are non-governmental, private companies. *See* Compl. ¶ 8. Furthermore, permitting plaintiff to proceed under pseudonym will not prejudice defendants, as plaintiff indicates that "Defendants are already aware of Plaintiff's identity." Pl.'s Mot. ¶ 10. Allowing plaintiff to proceed pseudonymously is therefore unlikely to compromise defendants' ability to defend this action or pose any "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

Taking these factors together, plaintiff has presented no compelling justification for "the rare dispensation of pseudonymous status," *In re Sealed Case*, 971 F.3d at 328, and thus has failed to demonstrate a need for secrecy or identify consequences likely to befall plaintiff if he proceeds without a pseudonym.

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion for Leave to Proceed Under Pseudonym is **DENIED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that the plaintiff's Motion to Seal his residence address is **GRANTED**, pursuant to Local Rule 5.1(c)(1); it is further

**ORDERED** that the plaintiff must refile, by **5 PM EST** on **May 25, 2022**, the Complaint using the plaintiff's full name in accordance with this Memorandum and Order, or the case will be administratively closed; it is further

**ORDERED** that the plaintiff must file, by **May 25, 2022**, the Motion to Proceed Under Pseudonym on the public docket with any sensitive information redacted.

**SO ORDERED.**

Date: May 11, 2022

_____
BERYL A. HOWELL
Chief Judge