**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| John Doe | § | |
| | § | Case: 1:22−cv−01299 JURY DEMAND |
| *Plaintiff*, | § | Assigned To : Kelly, Timothy J. |
| | § | Assign. Date : 5/11/2022 |
| v. | § | Description: Pro Se Gen. Civ. (F−DECK) |
| | § | |
| Washington Nationals Baseball Club LLC | § | Case No. _____ |
| 1500 South Capitol Street SE | § | |
| Washington, DC 20003 | § | COMPLAINT |
| | § | |
| Washington Nationals Stadium LLC | § | |
| 1500 South Capitol Street SE | § | |
| Washington, DC 20003 | § | |
| | § | |
| *Defendants*. | § | |

## COMPLAINT

Plaintiff John Doe[1] files this Complaint against Washington Nationals Baseball Club LLC and Washington Nationals Stadium LLC (hereafter collectively referred to as "Nationals") alleging as follows:

### NATURE OF ACTION

1. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.* ("DCHRA"), for redress of acts of discrimination against him by Nationals employees and contractors (hereafter referred to as "Nationals employees") on May 5, 2021 at Nationals Park, and the Nationals' failure to make reasonable accommodations for his disability.

### JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over violations of the ADA.

3. The Court also has original subject matter jurisdiction over violations of the DCHRA.

4. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. The Court has personal jurisdiction over Defendants pursuant to D.C. Code § 13-423 because the Defendants are incorporated in the District of Columbia, Plaintiff's claims for relief arise from the Defendants' transaction of business in the District of Columbia, and Plaintiff's claims for relief arise from Defendants' commission of a wrongful act in the District of Columbia.

---

[1] Plaintiff will subsequently file a motion to proceed under pseudonym and asks that his identity is protected from public disclosure while the motion is considered.

6. This Court is the proper venue for this action because the Defendants are located and operate in the District of Columbia, and a substantial part of the events giving rise to the claims took place in the District of Columbia.

## PARTIES

7. Plaintiff is a person with a disability which meets the definition of a disability under the ADA, 42 U.S.C. § 12102, and the DCHRA, D.C. Code 2-1401.02(5A).

8. Defendant Washington Nationals Baseball Club LLC is a company located in the District of Columbia having its place of business at 1500 South Capitol Street Southeast. Defendant Washington Nationals Stadium LLC is a company located in the District of Columbia having its place of business at 1500 South Capitol Street Southeast.

9. Defendants operate Nationals Park as a place of public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7)(B) and the DCHRA, D.C. Code § 2-1401.02(24).

## FACTUAL BACKGROUND

10. Plaintiff is a longtime Nationals fan, having attended nearly 500 Nationals games since the team was established in 2005.

11. Plaintiff purchased a ticket to attend the Washington Nationals game at Nationals Park on May 5, 2021.

12. At the time of the game, Nationals Park was operating at 20% capacity due to coronavirus-related restrictions, and attendance was capped at 8,400 fans in a stadium which seats about 42,000.

13. At the time of the game, Nationals Park was mandating masks for all fans in attendance in accordance with Mayor's Order 2020-080.

14. Plaintiff is a person with a disability within the meaning of the ADA and the DCHRA. Plaintiff is unable to wear a face mask due to his disability.[2]

15. The aforementioned order explicitly provided for an exemption for persons with a medical condition or disability: "Wearing a mask is not required when … A person is unable to wear a mask due to a medical condition or disability." Mayor's Order 2020-080 did not require persons unable to wear a mask due to a medical condition or disability to provide proof of their condition, so Plaintiff did not carry any.

16. Plaintiff entered the stadium and observed that compliance with the mask requirement was loose throughout the stadium. Plaintiff sat on the third base side of the lower level and enjoyed a few innings of the game without issue.

17. Around the fourth or fifth inning, Plaintiff noticed an usher going around the section demanding people put on masks. The usher approached Plaintiff and demanded the same of him. Plaintiff calmly replied that he had a medical condition and could not wear a mask. The usher stressed that it was "very important" that he wear a mask, and Plaintiff calmly gave the same response. The usher walked away and Plaintiff hoped that would be the end of it.

18. A few minutes later, the usher returned with a uniformed security guard who demanded Plaintiff put on a mask. Plaintiff again calmly replied that he had a medical condition. The security guard asked incredulously, "What kind of medical condition would prevent you from wearing a mask?" Plaintiff calmly replied that he did not want to disclose the nature of his condition. The security guard nodded and left.

---

[2] Plaintiff uses the terms "disability" and "medical condition" interchangeably. Plaintiff's condition does meet the definition of a disability under the ADA and DCHRA.

19. A few minutes later, Plaintiff was approached in his seat by a D.C. metropolitan police officer who asked him to come up to the concourse, where Plaintiff found seven or eight ushers, security guards, and other Nationals employees waiting for him there, staring at him. They formed a loose circle and surrounded him. Plaintiff was approached by a non-uniformed Nationals employee ("Employee A") who demanded that he wear a mask. Plaintiff again stated that he had a medical condition and could not. Employee A asked for documentation of his medical condition. Embarrassed at being surrounded in public like a criminal, Plaintiff responded that he had never been asked for documentation and did not have any on him. Plaintiff offered to try to call his physician's office, but Employee A replied that that would not suffice. She got on the phone with a supervisor but quickly returned and warned Plaintiff that if he did not wear a mask or face shield, he would be ejected from the park. Plaintiff calmly asked to speak with the aforementioned supervisor.

20. After several minutes of waiting – during which time Plaintiff continued to be surrounded like a criminal by Nationals employees – Mr. Scott Fear, the Nationals' Vice President of Safety and Security, approached. During a calm and polite conversation, Mr. Fear reiterated that Plaintiff would need to wear a mask or shield or be ejected. Plaintiff reiterated that an exemption was in place for people with medical conditions and disabilities. Mr. Fear expressed some measure of sympathy but did not offer any reasonable accommodation and repeated the threat that Plaintiff would be ejected if he did not put on a mask or shield.

21. After several minutes, Mr. Fear, Employee A, and the police officer began escorting Plaintiff out of the stadium.

22. As he was being escorted out, Plaintiff asked if he could at least obtain a refund for his ticket. Before escorting Plaintiff outside the gates of the stadium, Mr. Fear attempted to obtain a refund for Plaintiff at the box office, but said that since the ticket was purchased through StubHub (the Nationals' licensed third-party ticket broker) he stated it could not be refunded.

23. Plaintiff was then ejected from the stadium.

24. Plaintiff, who has no criminal record, experienced embarrassment and humiliation at being treated like a criminal and kicked out of a baseball game because of his disability.

25. Plaintiff reached out to Defendants on numerous occasions to attempt to resolve this matter out of court. The only thing Defendants offered Plaintiff was the opportunity to come back to Nationals Park: "We would like to invite you back to Nationals Park, for a game of your choosing, at any time during the remainder of the 2021 regular season. We hope that you will consider this invitation and provide us the opportunity to show that our staff is knowledgeable and well-trained in COVID-19 compliance and that your May 5th experience at the Ballpark was a one-time occurrence."

**COUNT I: VIOLATION OF TITLE III OF THE ADA FOR DENIAL OF ACCESS**

26. Plaintiff re-alleges the statements set forth in Paragraphs 10-25 above.

27. The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

28. The ADA prohibits discrimination by "subjecting an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. 12182(b)(1)(A)(i).

29. Plaintiff was ejected from Nationals Park on the basis that he could not wear a mask. Plaintiff could not wear a mask due to a disability. Therefore, Defendants denied access to Plaintiff on the basis of his disability, in violation of the ADA.

30. Defendants' failure to comply with the ADA has resulted in harm to Plaintiff and potentially other individuals with disabilities unless and until Defendants are ordered by this Court to make modifications to their policies, practices, and procedures, pursuant to the ADA. (Though there is currently no mask mandate in place at Nationals Park, the D.C. government has a history of declaring mask mandates with little notice, so the issue is not moot.)

**COUNT II: VIOLATION OF TITLE III OF THE ADA FOR UNEQUAL TREATMENT**

31. Plaintiff re-alleges the statements set forth in Paragraphs 10-25 above.

32. The ADA defines as discrimination an act which "afford[s] an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

33. Plaintiff observed that mask compliance was loose throughout the ballpark and he was far from the only person not wearing a mask, but to his knowledge he was the only one ejected.

34. Plaintiff was ejected from Nationals Park on the basis that he could not wear a mask. Plaintiff could not wear a mask due to a disability. Other non-disabled persons who were not wearing a mask were not ejected. Therefore, Defendants subjected Plaintiff to unequal treatment in violation of the ADA.

35. Defendants' failure to comply with the ADA has resulted in harm to Plaintiff and other individuals with disabilities unless and until Defendants are ordered by this Court to make modifications to their policies, practices, and procedures, pursuant to the ADA. (Though there is currently no mask mandate in place at Nationals Park, the D.C. government has a history of declaring mask mandates with little notice, so the issue is not moot.)

## COUNT III: VIOLATION OF TITLE III OF THE ADA
## FOR FAILURE TO MODIFY POLICIES

36. Plaintiff re-alleges the statements set forth in Paragraphs 10-25 above.

37. The ADA defines as discrimination "the failure to make reasonable modifications in policies, practices, and procedures, when such modifications are necessary to afford…goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities…" 42 U.S.C. § 12182(b)(2)(A)(ii).

38. Defendants had many ways to make a reasonable accommodation for Plaintiff, such as re-seating him in a less crowded section, especially given that the stadium was operating at 20% capacity. Even where he was sitting when he was ejected, Plaintiff was more than

six feet away from other fans. He was also seated outdoors in the fresh air. Plaintiff would have been amenable to any such reasonable accommodation.

39. Defendants did not even attempt to make a reasonable accommodation. The only change Defendants offered was to wear a plastic face shield, which Plaintiff also cannot wear due to his disability for the same reasons. This does not constitute a reasonable accommodation.

40. Defendants' failure to modify their accessibility policies, procedures, or otherwise to reasonably accommodate Plaintiff was based on Plaintiff's inability to wear a mask due to his disability. Therefore, Defendants' aforementioned refusal and failure to make reasonable accommodations was based on Plaintiff's disability and violated the ADA.

41. Defendants' failure to comply with the ADA has resulted in harm to Plaintiff and other individuals with disabilities unless and until Defendants are ordered by this Court to make modifications to their policies, practices, and procedures, pursuant to the ADA. (Though there is currently no mask mandate in place at Nationals Park, the D.C. government has a history of declaring mask mandates with little notice, so the issue is not moot.)

**COUNT IV: VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**

42. Plaintiff re-alleges the statements set forth in Paragraphs 10-25 above.

43. The DCHRA provides that it "shall be an unlawful discriminatory practice to…wholly or partially for a discriminatory reason based on the actual or perceived…disability…of any individual…to deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations." D.C. Code § 2-1402.31.

44. The DCHRA provides that "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate." D.C. Code § 2-1403.16.

45. Plaintiff is a person with a disability within the meaning of the DCHRA. Plaintiff is an aggrieved person within the meaning of the DCHRA. Defendants operate Nationals Park as a place of public accommodation within the meaning of the DCHRA.

46. Defendants denied Plaintiff the full and equal enjoyment of Nationals Park's goods, services, facilities, privileges, advantages, and accommodations.

47. Defendants' denial of full and equal enjoyment of Nationals Park's goods, services, facilities, privileges, advantages, and accommodations was based on Plaintiff's inability to wear a mask because of his disability and therefore constituted an unlawful act of discrimination based on his disability in violation of the DCHRA.

48. For its violations of the DCHRA, and in accordance with the DCHRA, Defendants are liable to Plaintiff for compensatory damages, punitive damages, and reasonable attorney's fees, expenses, and costs, in amounts to be determined at trial, and all other available relief.

## PRAYER FOR RELIEF

49. WHEREFORE, Plaintiff respectfully prays that this Court:

    a. Declare the acts and omissions of Defendants complained of herein to be in violation of the Americans with Disabilities Act and the D.C. Human Rights Act;

    b. Enter a preliminary and permanent injunction requiring Defendants to modify their policies, practices, and procedures, including those with regard to face masks, to comply with the ADA and the DCHRA;

    c.   Enter judgment awarding Plaintiff compensatory and punitive damages;

    d.   Award Plaintiff his costs and attorneys' fees; and

    e.   Award Plaintiff such other and further relief as this Court shall deem just and proper.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Respectfully submitted,

/s/ John Doe
*Pro Se* Plaintiff