**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THOMAS VALENTINE,

   *Plaintiff*,

  v.

WASHINGTON  NATIONALS  BASEBALL
CLUB, LLC et al.,

   *Defendants*.

Civil Action No. 22-1299 (TJK)

**MEMORANDUM ORDER**

Plaintiff sued Defendants for claims under the Americans with Disabilities Act ("ADA")

and the District of Columbia Human Rights Act ("DCHRA").  *See* ECF No. 9 ¶ 1.  The Court,

however, dismissed Plaintiff's ADA claims for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), leaving only his one DCHRA claim.  *See Valentine v.*

*Washington Nationals Baseball Club, LLC*, 22-cv-1299, 2023 WL 346099, at \*7 (D.D.C. Jan. 20,

2023).  With his federal claims dismissed, the Court now lacks federal-question jurisdiction.  Thus,

the Court ordered Plaintiff to show cause why either diversity jurisdiction under 28 U.S.C. § 1332

or supplemental jurisdiction under 28 U.S.C. § 1367 gives the Court jurisdiction over Plaintiff's

DCHRA claim, a state-law claim for these purposes.  *See* Min. Order of Feb. 7, 2023.  Plaintiff

does not argue the Court has diversity jurisdiction, implicitly conceding that he cannot meet the

amount-in-controversy requirement to support such jurisdiction.  *See generally* ECF No. 31; Min.

Order of Feb. 7, 2023 (citing 28 U.S.C. § 1332(a)).  He does say that this case's "unique

circumstances" support the Court retaining supplemental jurisdiction.  ECF No. 31 ¶ 1.  But for

the following reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's

DCHRA claim and so will dismiss the case.

1

Generally, a court enjoys supplemental jurisdiction over claims that are closely related to those for which it already has original jurisdiction. *See* 28 U.S.C. § 1367(a). But when, as here, a court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction over" remaining claims. *Id.* § 1367(c)(3). This decision is a discretionary one. *See United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) ("[P]endent jurisdiction is . . . not of plaintiff's right."). In exercising that discretion, the Court should consider factors of "judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). "When all federal claims are eliminated before trial," the balance of these factors "point[s] toward declining to exercise jurisdiction over . . . remaining state-law claims." *Jones v. D.C. Water & Sewer Auth.*, 922 F. Supp. 2d 37, 43 (D.D.C. 2013) (quoting *Cohill*, 484 U.S. at 350 n.7). Declining to exercise jurisdiction under these circumstances helps avoid "[n]eedless decisions of state law," especially when state courts can procure "a surer-footed reading of applicable [state] law." *Gibbs*, 383 U.S. at 726.

Here, the relevant factors weigh against retaining supplemental jurisdiction. Plaintiff argues that filing anew in a District of Columbia court "would not serve the principle of judicial economy" because "[t]his case has already been at the [C]ourt for nearly a year" and "appears to be ready for trial." ECF No. 31 ¶ 11. The Court is not convinced. In general, "using the judicial resources of the Federal Courts to try local claims is not in the interest of judicial economy." *Mead v. Lindlaw*, 839 F. Supp. 2d 66, 75 (D.D.C. 2012). And this case is hardly ready for trial. *Compare Matthews v. District of Columbia*, 507 F. Supp. 3d 203, 212 (D.D.C. 2020) (declining supplemental jurisdiction over state-law claims after dismissing federal-law claims on motion to dismiss), *and Jones*, 922 F. Supp. 2d at 43 (same), *with Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 373, 378–79 (D.C. Cir. 2010) (permitting district court to retain supplemental

jurisdiction over remaining state-law claims after conclusion of discovery, summary-judgment briefing, and appeal).  Quite to the contrary, the Court only recently decided Plaintiff's motion to dismiss.  *See Valentine*, 2023 WL 346099, at *7.  Thus, it has not even entered a scheduling order, no discovery has occurred, and the Court "has expended little judicial energy" on Plaintiff's DCHRA claim.  *See Hunter v. District of Columbia*, 905 F. Supp. 2d 364, 383 (D.D.C. 2012), *aff'd*, No. 13-7003, 2013 WL 5610262 (D.C. Cir. Sept. 27, 2013); *see also Mitchell v. Yates*, 402 F. Supp. 2d 222, 235 (D.D.C. 2005) (The "investment of resources ha[d] not been so great as to warrant retaining jurisdiction" when discovery had been "minimal.").

As for convenience, Plaintiff argues he has had to "become acquainted with the rules, e-filing system, and other policies and practices" of this Court, and, as a pro se litigant, learning the procedures of a new court would be a "heavy lift."  ECF No. 31 ¶ 13.  The Court appreciates the administrative and procedural challenges Plaintiff (indeed, many litigants) may face in suing anew in a different court, which cuts slightly in Plaintiff's favor.  Mitigating this concern, however, Plaintiff can use resources offered to pro se plaintiffs.  *See If Representing Yourself*, D.C. CTS., https://www.dccourts.gov/services/represent-yourself (last visited Apr. 27, 2023).  Once up to speed, Plaintiff would be in a similar position in a District of Columbia court as he is here.  In the end, his inconvenience alone is not nearly enough to warrant the Court retaining jurisdiction in light of the other factors.

Finally, as to fairness and comity, Plaintiff concedes these factors do not warrant exercising supplemental jurisdiction.  ECF No. 31 ¶¶ 14, 18.  As Plaintiff acknowledges, *id.* ¶ 14 n.2, he will have thirty days after dismissal to re-file his DCHRA claim in District of Columbia courts, *see* 28 U.S.C. § 1367(d) (providing for a tolling of the statute of limitations "for a period of 30 days after [such claim] is dismissed"); *Stevens v. ARCO Mgmt. of Washington D.C., Inc.*, 751 A.2d 995, 996

(D.C. 2000) (reading 28 U.S.C. § 1367 "as extending the local statute of limitations for thirty days beyond the pendency of the parties' federal case").  Plaintiff speculates that filing in another court may expose his personal medical details, but he acknowledges that he has "no indication one way or another" that this concern is real and not just "*theoretical*."  ECF No. 31 ¶ 16.  The Court, too, has no reason to doubt District of Columbia courts' ability to address Plaintiff's concerns.  *See Crabbe v. Nat'l Self Serv. Storage*, 955 F. Supp. 2d 1, 4 (D.D.C. 2013) ("[T]he Superior Court [of the District of Columbia] is a court of competent jurisdiction.").  Thus, under these circumstances, the Court declines to exercise supplemental jurisdiction over Plaintiff's DCHRA claim, leaving the Court without a source of subject-matter jurisdiction over this action.

\* \* \*

For these reasons, it is hereby **ORDERED** that this case is **DISMISSED** for lack of subject-matter jurisdiction.  This is a final, appealable order.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: April 27, 2023